Filed 10/15/21  P. v. Evans CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEMAIN ANDREW EVANS,<br><br>Defendant and Appellant. | C092806<br><br>(Super. Ct. Nos.<br>18CF00099, 19CF05374,<br>20CF00532) |

Appointed counsel for defendant Kemain Andrew Evans has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

This appellate action arises from three separate cases that defendant resolved through no contest or guilty pleas.  On April 18, 2018, defendant resolved case No. 18CF00099 (the resisting case) by pleading no contest to resisting an executive officer (Pen. Code, § 69, subd. (a))[1] and admitting one prior prison term (§ 667.5, subd. (b)) in

---

[1]      Undesignated statutory references are to the Penal Code.

1

exchange for the dismissal of the other enhancement allegations. On July 25, 2018, the trial court sentenced defendant to an aggregate local prison sentence of four years, comprised of the upper term of three years in county prison for resisting plus one year consecutive for the prior prison term. The court imposed a split sentence, suspending the last 731 days for defendant to serve on mandatory supervision. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8). Defendant also was awarded 176 actual days plus 176 conduct days, for a total of 352 days of custody credit.

On December 13, 2019, defendant resolved case No. 19CF05374 (the jail case) by pleading no contest to bringing a controlled substance into jail (§ 4573.5) and the remaining count was dismissed. Defendant was initially released on his own recognizance, but was back in custody by the time of his original sentencing hearing on new charges.

On August 19, 2020, defendant resolved case No. 20CF00532 (the weapon case) by pleading guilty to possession of metal knuckles (§ 21810), and in exchange the court dismissed the remaining count and allegation.

Resentencing on the resisting case and initial sentencing for the other two cases was originally scheduled for September 30, 2020, but it was determined on that date that defendant already had completed his time in the resisting case. Sentencing for the jail and weapon cases was rescheduled for October 7, 2020, at which time the court imposed an aggregate local prison sentence of two years. This was comprised of the low term of 16 months for the jail case and a consecutive term of eight months (one-third the midterm of two years) for the weapon case. Given defendant's poor prior performance on mandatory supervision, further mandatory supervision was denied. The court also imposed a $300 restitution fine for each case (§ 1202.4, subd. (b)), two $30 conviction assessments (Gov. Code, § 70373), and two $40 court operations assessments (§ 1465.8).

2

For the jail case, the court awarded 95 days actual credit plus 94 days conduct credit, for a total of 189 days.

Defendant timely filed notices of appeal in each case without seeking certificates of probable cause. Defendant's attorney on appeal successfully sought correction of the custody credit allocation from the October 7, 2020 sentencing, resulting in the award of additional custody credits that had been erroneously credited to the resisting case.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


        KRAUSE        , J.


We concur:


      HULL        , Acting P. J.



      RENNER       , J.